GEORGE BISSETT, TRUSTEE, *v.* WILLIAM JOHNSON, ET AL.

**Attorney's Fees—Suit on Bond.**

Where obligors agree that in case the holder of a bond or coupon resorts to legal proceedings for the collection thereof after the same became due, said holder shall recover reasonable attorney's fees for the collection, such obligors are liable for such fees, and the holder may collect them in addition to the principal and interest due on such bond.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 9, 1877.

OPINION BY JUDGE PRYOR:

There is no distinction between this case and that of Gaar v. Louisville Banking Co., reported in 11 Bush 180. In the latter case the obligors agreed to pay a reasonable attorney's fee to any holder of the bill, and in this case the obligors agree that in case the holder or holders of any of said bonds or coupons or said trustee resort to legal proceedings for the collection thereof, or any of them, after the same shall become due and payable, he or they or said trustees shall recover, in addition to the principal, interest and ordinary costs, reasonable attorney's fee for the collection, etc. The bonds were created for the loan of money, and the holders of the paper insist that thy can recover on the attorney's fee because the mortgage to secure the paper authorized the trustee to institute the action at their instance. The right of action was in the holders of the bonds as well as the trustee, and the promise to pay an attorney's fee made directly to them. That an ordinary trustee is entitled to compensation as well as an allowance for all necessary legal services required to be rendered in relation to the trust cannot be denied, but when a party intervenes, as in this case, as trustee, and loans the money himself, or undertakes to procure the loan from others

upon the agreement to pay a penalty in the nature of an attorney's fee, neither the trustee nor the holder occupies any better attitude than if no trust had been created. To decide otherwise would be to disregard the principle recognized by the court on the subject.

It is in fact a mere evasion of the law. Bissett & Co. either loaned this money or they borrowed it for Johnson upon the agreement to pay the attorney's fee. If the appellant has incurred a liability by agreeing to pay an attorney's fee the court will not hesitate upon his application to indemnify him out of the sums of money to which these parties are legally entitled. ·

The judgment below is *affirmed.* ,

*Barr, Goodloe & Humphrey, for. appellant.*